UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARCELINO VELEZ,
on behalf of himself and all others
similarly situated,

                             Plaintiff,

        - against -

MONTE GRAB & GO MARKET and
AHMON FOOD INC. d/b/a S & J DELI,
and FOZY SHAHBAIN and
AHMED SALEH, individually,

                           Defendants.
------------------------------------------------------------------X

**COMPLAINT**

**CLASS ACTION**

**FLSA COLLECTIVE**

      Plaintiff Marcelino Velez (hereinafter referred to as "Velez" or "Plaintiff"), on behalf of himself and all other similarly situated current and former deli workers, by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Monte Grab & Go Market and Ahmon Food Inc. d/b/a S & J Deli ("S & J Deli"), and Fozy Shahbain ("Shahbain") and Ahmed Saleh ("Saleh"), individually (collectively "Defendants"), alleges the following:

## <u>NATURE OF THE ACTION</u>

1.    This is a civil action brought by Plaintiff and all other similarly situated deli workers (as hereinafter defined) to recover unpaid minimum wages, unpaid overtime compensation, and spread of hours pay under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

2.    Plaintiff and other similarly situated non-exempt workers work or have worked as deli workers to help prepare food, set prices, place orders, and order supplies for Monte Grab & Go Market and S & J Deli, companies owned and operated by Defendants.

3.     Plaintiff brings this action on behalf of himself and all other similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants.

4.     Plaintiff also brings this action on behalf of himself and all other similarly situated current and former employees of all restaurants owned and operated by Defendants pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NYLL Article 6, §§ 190 *et seq.* and the supporting New York State Department of Labor regulations.

5.     Plaintiff seeks to certify a class under Rule 23 on behalf of those similarly situated current and former deli workers who were not being paid at the appropriate minimum wage or overtime rates in violation of the NYLL.

6.     Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay minimum wages, overtime, spread of hours wages and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

8.     This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

9.     Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

**Plaintiff Marcelino Velez**

10.    Plaintiff is and was at all times relevant hereto an adult individual residing in Bronx County, New York.

11.    Plaintiff worked for Defendants from on or about August 2016 through December 22, 2019.

12.    Plaintiff was employed as a deli worker.

13.    As a deli worker, Plaintiff's responsibilities included preparing food, setting prices, placing orders, and ordering supplies.

14.    Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

**Defendant Monte Grab & Go Market**

15.    On information and belief, Monte Grab & Go Market is a deli incorporated in the State of New York, having its principal place of business located at 1790 Eastchester Road, Bronx, New York 10461.

16.    On information and belief, Defendant Shahbain is the owner and manager of Monte Grab & Go Market.

17.    On information and belief, Defendant Shahbain maintains control, oversight and direction over Monte Grab & Go Market.

18.    At all times relevant to this action, Monte Grab & Go Market was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

19.    On information and belief, Monte Grab & Go Market has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise

working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

## Defendant Ahmon Food Inc. d/b/a S & J Deli

20. On information and belief, S & J Deli is a deli incorporated in the State of New York, having its principal place of business located at 1572 Williamsbridge Road, Bronx, New York 10461.

21. On information and belief, Defendant Saleh is the owner and CEO of S & J Deli.

22. On information and belief, Defendant Saleh maintains control, oversight and direction over S & J Deli.

23. At all times relevant to this action, S & J Deli was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

24. On information and belief, S & J Deli has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

## Defendant Fozy Shahbain

25. Shahbain is a person engaged in business in Bronx County, New York who is sued individually in his capacity as an owner, officer and/or agent of Monte Grab & Go Market.

26. On information and belief, Shahbain is the owner and manager of Monte Grab & Go Market.

27. On information and belief, Shahbain maintains control, oversight and direction over Monte Grab & Go Market.

28. Shahbain exercises sufficient control over Monte Grab & Go Market to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto Shahbain had the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at Monte Grab & Go Market.

29. Shahbain had substantial control over Plaintiff's working conditions and practices alleged herein.

**Defendant Ahmed Saleh**

30. Saleh is a person engaged in business in Bronx County, New York who is sued individually in his capacity as an owner, officer and/or agent of S & J Deli.

31. On information and belief, Saleh is the owner and CEO of S & J Deli.

32. On information and belief, Saleh maintains control, oversight and direction over S & J Deli.

33. Saleh exercises sufficient control over S & J Deli to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto Saleh had the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at S & J Deli.

34. Saleh had substantial control over Plaintiff's working conditions and practices alleged herein.

## STATEMENT OF FACTS

**Plaintiff Marcelino Velez's Employment with S & J Deli**

35. Plaintiff worked at S & J Deli from on or about August 2016 through December 22, 2019.

36. At S & J Deli, Plaintiff was employed as a deli worker for Defendants.

37. Plaintiff's responsibilities included preparing food, setting prices, placing orders, and ordering supplies.

38. From on or about August 2016 through October 2016, Plaintiff worked Monday through Saturday each week, from 7:00 a.m. to 6:00 p.m.

39. Throughout Plaintiff's employment at S & J Deli, Plaintiff received a 30-minute meal break every day.

40. Throughout his employment at S & J Deli, Plaintiff was scheduled to work more than 40 hours each week.

41. Plaintiff was not compensated at the appropriate overtime rate of pay for work weeks in which he worked more than 40 hours.

42. Throughout Plaintiff's employment at S & J Deli, Plaintiff was paid in currency (cash).

43. Throughout Plaintiff's employment at S & J Deli, Defendant paid Plaintiff weekly.

44. From on or about August 2016 through October 2016, Plaintiff was paid $11 per hour.

45. When Plaintiff was paid by Defendants, Defendants did not provide Plaintiff with a notation or any other documentation of his hours worked during that pay period or his rate of pay.

46. Defendants never provided Plaintiff with a notation or any other documentation of the hours he worked.

47. Plaintiff was not required to clock in or clock out at the beginning and end of his shift.

**Plaintiff Marcelino Velez's Employment with Monte Grab & Go Market**

48. Plaintiff worked at Monte Grab & Go Market from on or about November 2016 through December 22, 2019.

49. At Monte Grab & Go Market, Plaintiff was employed as a deli worker for Defendants.

50. Plaintiff ran the deli and his responsibilities included preparing food, setting prices, placing orders, and ordering supplies.

51. From on or about November 2016 through January 2017, Plaintiff worked Monday through Sunday each week, from 6:00 a.m. to 5:00 p.m.

52. From on or about November 2016 through January 2017, Plaintiff received a 30-minute meal break every day.

53. From on or about February 2017 through December 22, 2019, Plaintiff worked Monday through Sunday each week, from 6:00 a.m. to 5:00 p.m.

54. From on or about February 2017 through December 22, 2019, although Plaintiff received a 30-minute meal break every day, he would often have to eat while working or take just 10 minutes for lunch.

55. Plaintiff was not compensated the required "spread of hours" pay for any day in which he worked more than 10 hours.

56. Throughout his employment at Monte Grab & Go Market, Plaintiff was scheduled to work more than 40 hours each week.

57. Plaintiff was not compensated at the appropriate overtime rate of pay for work weeks in which he worked more than 40 hours.

58. Throughout Plaintiff's employment at Monte Grab & Go Market, Plaintiff was paid in currency (cash).

59. For part of his employment at Monte Grab & Go Market, Plaintiff was paid at a regular hourly rate of pay that was less than the required minimum wage, as set forth herein.

60. Throughout Plaintiff's employment at Monte Grab & Go Market, Defendant paid Plaintiff weekly.

61. From on or about November 2016 through December 2016, Plaintiff was paid $11 per hour.

62. From on or about January 2017 through September 2018, Plaintiff was paid $12 per hour.

63. From on or about October 2018 through December 22, 2019, Plaintiff was paid $13 per hour.

64. When Plaintiff was paid by Defendants, Defendants did not provide Plaintiff with a notation or any other documentation of his hours worked during that pay period or his rate of pay.

65. Defendants never provided Plaintiff with a notation or any other documentation of the hours he worked.

66. Plaintiff was not required to clock in or clock out at the beginning and end of his shift.

**Defendants' Violations of the Wage Theft Protection Act**

67. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

68. Throughout the relevant time period, Defendants paid Plaintiff without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

69. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer and required by NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address

of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

## COLLECTIVE ACTION ALLEGATIONS

70. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated persons who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

71. The FLSA Collective consists of approximately 40 similarly situated current and former deli workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia,* willfully denying them minimum wage pay and overtime wages.

72. As part of their regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy includes, *inter alia*, the following:

    i.    failing to pay employees the applicable overtime rate for all time worked in excess of 40 hours per week;

    ii.   failing to pay employees the applicable minimum wage rate for all time worked; and

    iii.  failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

73. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing costs and denying employees legally required compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

74.     The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

75.     The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any work week, unless they are exempt from coverage.

76.     Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any work week. The exact accounting of such discrepancy can only be determined upon completion of discovery.

77.     Defendants failed to compensate Plaintiff and members of the FLSA Collective at the required minimum wage rate for all hours worked. The exact accounting of such discrepancy can only be determined upon completion of discovery.

78.     Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law.

## THE RULE 23 CLASS

79. <u>Proposed Class</u>.  The proposed class comprises all individuals who worked for Defendants as deli workers during the applicable period commencing six years before this Complaint was filed.

80. The Rule 23 Class members worked more than 40 hours per week for Defendants.  The Rule 23 Class members, though, were not paid overtime in compliance with the NYLL in that they were not paid time and one-half for all work performed after 40 hours.

81. The Rule 23 Class members were not compensated spread of hours pay for class members who worked more than 10 hours per shift.

82. The Rule 23 Class members were not provided with wage notices and wage statements as required by the NYLL.

83. <u>Ascertainability</u>.  The identity of the Rule 23 Class is readily ascertainable from Defendants' records, and class notice can be provided to all class members by means permitted by Rule 23 of the Federal Rules of Civil Procedure.  To be effective, class notice should be provided not only through written communication to each class member's last known address as reflected in Defendants' records, but also through Spanish language newspaper and radio announcements, workplace postings, and other alternative means of notice designed to reach this class of transient, non-English speaking employees.  Many of the class members are no longer employed by Defendants, cannot be reached at the last known address in Defendants' records, and do not have access to traditional English-speaking media.

84. <u>Numerosity</u>. The size of the class makes a class action both necessary and efficient. The size of the class consists of more than 75 employees. The class is so numerous that joinder is impracticable.

85. <u>Common Questions of Law and Fact</u>. This case poses common questions of law and fact affecting the rights of the Rule 23 Class, including:

    i.    whether it was Defendants' policy and practice to not pay minimum wage rate of pay to Rule 23 Class members;

    ii.    whether it was Defendants' policy and practice to not pay overtime to Rule 23 Class members who worked in excess of 40 hours in a work week;

    iii.    whether it was Defendants' policy and practice to not pay spread of hours wages to the Rule 23 Class members who worked more than 10 hours per shift;

    iv.    whether Defendants provided accurate and lawful wage notices to Plaintiff and the Rule 23 Class at the time of hiring; and,

    v.    whether Defendants provided accurate and lawful wage statements to Plaintiff and the Rule 23 Class when they paid them.

86. <u>Typicality</u>. The claims of the individual Plaintiff are typical of the claims of the class as a whole. Defendants' unlawful wage policies and practices, which have operated to deny Plaintiff and the Rule 23 Class members the minimum wages, overtime premiums, spread of hours pay, and other compensation, benefits, penalties, and protections required by law, are typical of the unlawful wage policies and practices that have and will continue to operate to deny other class members lawful compensation.

87. <u>Adequacy of Class Representation</u>. Plaintiff can adequately and fairly represent the interests of the class as defined above, because their individual interests are consistent with, and not antagonistic to, the interests of the class.

88. <u>Propriety of Class Action Mechanism.</u>  Defendants have implemented a series of unlawful schemes that are generally applicable to the class, making it appropriate to issue final injunctive relief and corresponding declaratory relief with respect to the class as a whole. Class certification is also appropriate because the common questions of law and fact predominate over any questions affecting only individual members of the class.  The prosecution of separate actions against Defendants by individual class members would create a risk of inconsistent or varying adjudication, which would establish incompatible standards of conduct for Defendants.  For all these and other reasons, a class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth in this Complaint.

89. This action is properly maintainable as a class action under Federal Rule of Civil Procedure ("FRCP") 23(b)(3).

**FIRST CAUSE OF ACTION**
**Unpaid Minimum Wages in Violation of the Fair Labor Standards Act**
**<u>(Brought on behalf of Plaintiff and the FLSA Collective)</u>**

90. Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

91. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

92. At all times relevant, Plaintiff was employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or Plaintiff was engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. § 203.  At all relevant times, each Defendant has employed "employee[s]," including Plaintiff.

93. Defendants were required to pay directly to Plaintiff the applicable federal minimum wage rate for all hours worked.

94. Defendants failed to pay Plaintiff the minimum wages to which he was entitled under the FLSA.

95. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

96. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et. seq.*

97. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

## SECOND CAUSE OF ACTION
### Unpaid Minimum Wages in Violation of New York Labor Law
#### (Brought on behalf of Plaintiff and the Rule 23 Class)

98. Plaintiff, on behalf of himself and the class members, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

99. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

100. At all times relevant, Plaintiff was an employee of Defendants, and Defendants were employers of the Plaintiff within the meaning of the NYLL §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

101. At all times relevant, Plaintiff was covered by the NYLL.

102. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff.

103. Defendants failed to pay Plaintiff the minimum hourly wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

104. Through their knowing and intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

105. Due to Defendants' willful violations of the NYLL, Plaintiff and the class members are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### Unpaid Overtime Wages in Violation of the Fair Labor Standards Act
### (Brought on behalf of Plaintiff and the FLSA Collective)

106. Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

107. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective.

108. Plaintiff and the FLSA Collective worked in excess of 40 hours during most work weeks in the relevant period.

109. Defendants willfully failed to pay Plaintiff and the FLSA Collective the appropriate overtime premiums for all hours worked in excess of 40 hours per work week, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

110. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

111. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

112. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**FOURTH CAUSE OF ACTION**
**Unpaid Overtime Wages in Violation of New York Labor Law**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

113. Plaintiff, on behalf of himself and the class members, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

114. At all times relevant to this action, Plaintiff and the class members were employed by Defendants within the meaning of NYLL §652 and 12 NYCRR §142-2.2.

115. Defendants failed to pay Plaintiff and the class members the overtime premium of one and one-half times the regular hourly rate of pay for all of their overtime hours worked, in violation of the NYLL.

116. Through their knowing or intentional failure to pay Plaintiff and the class members overtime wages for hours worked in excess of 40 hours per work week, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

117. Due to Defendants' willful violations of the NYLL, Plaintiff and the class members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**Unpaid Spread of Hours Pay in Violation of New York Labor Law**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

118. Plaintiff, on behalf of himself and the class members, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

119. At times, Plaintiff and the class members worked more than 10 hours in a workday.

120. Defendants willfully failed to compensate Plaintiff and the class members one hour's pay at the basic New York minimum hourly wage rate on days in which the length of their workday was more than 10 hours, as required by the NYLL.

121. Through their knowing or intentional failure to pay Plaintiff and the class members spread of hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

122. Due to Defendants' willful violations of the NYLL, Plaintiff and the class members are entitled to recover from Defendants their unpaid spread of hours wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### SIXTH CAUSE OF ACTION
### Failure to Provide Annual Wage Notices in Violation of New York Labor Law
### <u>(Brought on behalf of Plaintiff and the Rule 23 Class)</u>

123. Plaintiff, on behalf of himself and the class members, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

124. Defendants have willfully failed to supply Plaintiff and the class members with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff and class members in their primary language, containing Plaintiff's and class members rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

125. Through their knowing or intentional failure to provide Plaintiff and class members with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations.

126. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the class members are entitled to statutory penalties of fifty dollars for each workday that Defendants

failed to provide Plaintiff and the class members with wage notices, or a total of five thousand dollars each, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYL, Article 6, § 198(1-b).

**SEVENTH CAUSE OF ACTION**
**Failure to Provide Wage Statements in Violation of New York Labor Law**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

127. Plaintiff, on behalf of himself and the class members, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

128. Defendants have willfully failed to supply Plaintiff and the class members with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

129. Through their knowing or intentional failure to provide Plaintiff and the class members with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations.

130. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the class members are entitled to statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff and the class members with accurate wage statements, or a total of five thousand dollars, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the entry of an order and judgment against Defendants Monte Grab & Go Market and Ahmon Food Inc. d/b/a S & J Deli, and Fozy Shahbain and Ahmed Saleh, jointly and severally, as follows:

(a)    Designation of this action as a collective action on behalf of the FLSA Collective (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)    Damages for the unpaid minimum wages and overtime wages to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(c)    Designation of Plaintiff as a representative of the Rule 23 Classes and counsel of record as Class Counsel;

(d)    Damages for the unpaid minimum wages, overtime wages, and spread of hours pay due to Plaintiff and the class members, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(e)    Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL, Article 6, §§ 198;

(f)     Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the class members with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(g)     Statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff and the class members with accurate wage statements, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(h)     For pre-judgment and post-judgment interest on the foregoing amounts;

(i)     For the costs and disbursements of the action, including attorney's fees; and,

(j)     For such other further and different relief as the Court deems just and proper.

Dated: February 3, 2021
New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

By:     */s/ Jacob Aronauer*
         Jacob Aronauer, Esq.
         225 Broadway, 3rd Floor
         New York, NY 10007
         (212) 323-6980
         jaronauer@aronauerlaw.com